# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 10, 2010

## STATE OF TENNESSEE v. BRIAN WESLEY LACEY

**Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3216      Seth Norman, Judge**

---

**No. M2009-01914-CCA-R3-CD - Filed December 10, 2010**

---

A Davidson County Criminal Court jury convicted the defendant, Brian Wesley Lacey, of 12 counts of the rape of a child, two counts of aggravated sexual battery, and one count of sexual battery. The trial court imposed sentences of 20 years for each rape of a child conviction, eight years for both aggravated sexual battery convictions, and one year for the conviction of sexual battery and ordered partially consecutive sentencing for an effective sentence of 60 years' incarceration to be served at 100 percent. In this appeal, the defendant contends that the trial court erred by admitting an audio recording into evidence without first conducting a hearing outside the presence of the jury as required by Tennessee Rule of Evidence 404(b) and by imposing consecutive sentences. We discern no error in the defendant's convictions but do find that the trial court erroneously ordered the defendant to serve 100 percent of his convictions of aggravated sexual battery in counts one and nine as a "child rapist." The case is remanded to the trial court for the entry of a corrected judgment for those counts. The remainder of the defendant's sentences are affirmed, and the correction of these judgments does not alter the total effective sentence.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed as Modified; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

David Christensen, Brentwood, Tennessee (on appeal); and Fikisha Swader and D. Chad Hindman, Nashville, Tennessee (at trial), for the appellant, Brian Wesley Lacey.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Sharon Reddick, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

The convictions in this case relate to the defendant's ongoing sexual abuse of A.H. and her mentally disabled older brother, M.H., between March 1994 and September 2002.[1] At trial, 19-year-old A.H. testified that when she was four years old, she and her brother went to live with their grandmother, Shirley Lacey, and her husband, the defendant, at their Nashville residence after A.H.'s mother and father lost custody of the children due to their alcohol abuse. When the children went to live with the Laceys, Ms. Lacey worked as a bartender five nights a week, and the defendant contributed to the family financially by performing odd jobs. The defendant was responsible for the care of the children while Ms. Lacey was at work.

A.H. recalled that shortly after she moved in with her grandmother and the defendant, the defendant forced her to place her hand inside his pants and touch his "private parts." She was four years old. On another occasion when A.H. was seven or eight years old, the defendant placed his hand inside her pants and touched her genitals while he was kissing her on the lips, neck, and chest. She stated that the defendant first penetrated her vagina with his penis when she was six years old. Thereafter, he had sex with her more than once a month. She specifically recalled that the defendant began performing oral sex on her when she was five and a half years old. Around that same time, the defendant forced the victim to perform oral sex on him for the first time. The defendant also forced her to view pornographic movies for the purpose of learning how he wanted her to perform sexual favors for him. On one occasion, the defendant performed oral sex on M.H. after A.H. refused to do so.

A.H. recalled that on one occasion, her grandmother returned home from work early and caught the defendant and A.H. in a compromising position, half-clothed in the defendant's bedroom. Following this incident, Ms. Lacey promised to divorce the defendant and make him leave the home but did not follow through on her promise. After that time, Ms. Lacey frequently asked A.H. about the sexual abuse but refused to take any action.

The abuse continued until September 2002, when the victim began menstruating and her grandmother retired. At some point, when the victim was 15 years old, she became frustrated with the defendant's controlling behavior and reported the previous sexual abuse to her best friend, who then told her own mother, Lori Smith. Ms. Smith called police, and A.H. was removed from the Lacey home and placed in foster care, where she

---

[1] As is the policy of this court, we will refer to the minor victims of sexual abuse only by their initials. Additionally, A.H. had a different last name at the time of trial, but we will use her name as it appears in the indictment for the sake of clarity.

remained until the time of trial.

Nicole Rogers and Lori Smith confirmed A.H.'s account of first revealing the abuse, and Metropolitan Police Department Detective Gerald McShepard confirmed A.H.'s account of telling the police about the abuse. All the State's witnesses noted that A.H. had been consistent in her details regarding the abuse.

A.H.'s grandmother denied that the abuse had occurred and implied that A.H. had made the allegations because she was unhappy with their strict parenting methods. Ms. Lacey, in particular, stated that she had never considered that A.H.'s allegations might be true.

At the conclusion of the proof, the State voluntarily dismissed count 15, which had charged the defendant with the sexual battery of M.H. while in a position of parental authority over M.H. The jury convicted the defendant of rape of a child in counts two through eight and counts 10 through 14, of aggravated sexual battery in counts one and nine, and of the lesser included offense of sexual battery in the newly-renumbered count 15.

Following a sentencing hearing, the trial court imposed a sentence of 20 years for each of the defendant's convictions of rape of a child, a sentence of eight years for each conviction of aggravated sexual battery, and a sentence of one year for the defendant's conviction of sexual battery. The court ordered three of the 20-year sentences to be served consecutively and the remainder of the sentences to be served concurrently, for a total effective sentence of 60 years' incarceration.

The defendant filed a timely but unsuccessful motion for new trial, which was followed by a timely notice of appeal in this court.

In this appeal, the defendant alleges that the trial court erroneously admitted into evidence an audio recording of a telephone conversation between the defendant and A.H. without first complying with the requirements of Tennessee Rule of Evidence 404(b) and by ordering partially consecutive service of the sentences. The State argues that there was no error occasioned by the trial court's failure to follow the procedural requirements of Rule 404(b) because there was no evidence of the type governed by that rule contained in the audio recording. The State also submits that consecutive sentencing was appropriate in the defendant's case. We agree with the State on both points.

*I. 404(b) Evidence*

The defendant complains that the trial court erred by admitting into evidence

and playing for the jury an audio recording of a telephone conversation between the defendant and A.H. without first holding a hearing outside the presence of the jury. The defendant fails, however, to assert specifically what portion of the audio recording falls within the ambit of Tennessee Rule of Evidence 404(b). That rule provides: "Evidence of other crimes, wrongs, or acts is not generally admissible to prove that an accused committed the crime in question." Tenn. R. Evid. 404(b). Before such evidence may be admitted, however, the following procedure must be followed:

> (1) The court upon request must hold a hearing outside the jury's presence;
>
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence;
>
> (3) The court must find proof of the other crime, wrong, or act to be clear and convincing; and
>
> (4) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b)(1)-(4).

Here, the challenged evidence consists of the audio recording of a telephone conversation between A.H. and the defendant. A.H. placed the call to the Lacey residence from the police station at the behest of Detective McShepard, who provided A.H. with prompts designed to illicit incriminating information from the defendant. Despite A.H.'s efforts, the defendant makes no revelation regarding his guilt of the charged offenses. Most importantly for our analysis of this issue, however, although A.H. makes vague references to "what [the defendant] did to" her in the past and the defendant discusses A.H.'s giving him two back rubs, neither the defendant nor A.H. mentions specifically any other crimes, wrongs, or bad acts of the defendant that would be barred from admission by Rule 404(b). As such, any error in the trial court's failure to hold a jury-out hearing before admitting the evidence would be harmless.

Moreover, any failure by the trial court to follow the procedure outlined in Rule 404(b) did not infringe upon the defendant's constitutional right to due process of law. As we have indicated, no evidence was admitted against the defendant that should have been barred.

## II. Sentencing

The defendant also complains that the trial court erroneously imposed partially consecutive sentencing in the absence of a specific finding that one of the provisions of Code section 40-35-115 was applicable. The State contends that consecutive sentencing was warranted under the terms of Code section 40-35-115(b)(5) (1994).

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (1994).[2] This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

In making its sentencing decision, the trial court was required to consider:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statement the defendant wishes to make in the

---

[2]The defendant's crimes spanned nearly nine years, from March 1994 through September 2002. Despite his trial's occurring in 2009, some four years after the passage of the 2005 amendments to the Sentencing Act, the defendant did not execute a waiver of his ex post facto protections. Accordingly we review his sentence under the version of the sentencing act in effect at the time of the earliest crime.

defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should have also considered "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

Here, the trial court imposed the presumptive sentence within each range for each of the defendant's convictions, giving the defendant a 20-year sentence for each Class A felony conviction, an eight-year sentence for each Class B felony conviction, and a one-year sentence for the Class E felony conviction. The defendant does not contest the length of any individual sentence.

At the sentencing hearing, the State urged the imposition of consecutive sentencing on the basis of Code section 40-35-115(b)(5), which provides:

> (b) The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
>
> . . . .
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

T.C.A. § 40-35-115(b)(5). Although the trial court unintentionally referred to section 40-35-115(b)(5) as "Count V," the record establishes that the trial court based its imposition of partially consecutive sentencing on that provision. Specifically, the court found:

> The [c]ourt is of the opinion that there are sections of the Code which apply to the defendant in this case as far as multiple offenses are concerned. I think that, as the General stated, Count V [sic] certainly applies in this particular case. There is a long history of sexual abuse, it was for a long period of time, and there is a conviction also for more than one individual or one victim in this particular case.

On this basis, the trial court ordered that three of the defendant's 20-year sentences be served consecutively, for an effective sentence of 60 years.

The record clearly supports the ruling of the trial court. The evidence adduced at trial established that the defendant sexually abused A.H. consistently from March 1994 until September 2002. During that time, the defendant was the only father figure in A.H.'s life and was responsible as her primary care giver while Ms. Lacey was at work. The defendant's abhorrent conduct went undetected for nearly eight years. As a result of the abuse, A.H. spent years in counseling. She testified at the sentencing hearing that she remains haunted by flashbacks of the abuse. Under these circumstances, we will not disturb the sentencing decision of the trial court.

Pursuant to our review, however, we observe that the trial court erroneously ordered the defendant to serve his eight-year sentences for aggravated sexual battery at 100 percent as a "child rapist." Code section 39-13-523 defines the term "child rapist" as "a person convicted one (1) or more times of rape of a child as defined by § 39-13-522" and provides that sentences for those rape of a child convictions must be served in their entirety "undiminished by any sentence reduction credits such person may be eligible for or earn." T.C.A. § 39-13-523(a)(1), (b) (1994). This provision does not apply to convictions of aggravated sexual battery. Moreover, although defendants convicted of aggravated sexual battery under the current version of the Sentencing Act must serve 100 percent of any sentence imposed, *see id.* § 40-35-501(i)(2)(H) (2006), that provision applies only to offenses committed on or after July 1, 1995. Here, the defendant's conviction of aggravated sexual battery in count one occurred sometime between March 6, 1994, and March 6, 1995, clearly before the effective date of the statute. His conviction of aggravated sexual battery in count nine occurred sometime between March 6, 1994, and September 1, 2002; thus, it is possible that the crime occurred at a time before the effective date of the statute. In consequence, the trial court should not have ordered 100 percent service of these sentences. The record establishes that the defendant is a Range I offender, and, as such, the judgments for counts one and nine should be amended to reflect a 30 percent release eligibility percentage. The modification of these sentences does not alter the total effective sentence.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE